[Civ. No. 3518.   Third   Appellate   District.—October   22,   1928.]

GLEN   JOHNSON,   Respondent,   v.   N.   J.   KVALE,
Appellant.

Lilburn Gibson for Appellant.

W. D. L. Held for Respondent.

FINCH, P. J.—The plaintiff was given judgment on the pleadings for the sum of $666.60 and interest thereon, the amount demanded in the complaint, and the defendant has appealed. The answer admits an indebtedness of $594.10 but denies any greater indebtedness. Respondent's brief correctly states the following facts:

"On June 16, 1927, plaintiff sold defendant several lots of sheep, among them 123 lambs at the agreed price of ten cents per pound. The 123 lambs were weighed by a public weighmaster, and under his seal he issued a certificate showing these lambs to weigh 6305 lbs. Thereupon the parties settled on that basis; the defendant took delivery of the sheep and gave plaintiff his check for $666.60 in payment of the several lots of sheep he then received from plaintiff, including the 123 lambs. Defendant shipped a portion of said sheep and mingled the remainder with others he had elsewhere purchased. Some time thereafter, defendant claims to have discovered that said 123 lambs did not weigh 6305 lbs. as the public weighmaster's certificate showed but that they weighed only 5580 lbs. Defendant thereupon stopped payment on the check he had delivered to plaintiff. This action was then instituted."

The answer, among other averments, alleges that the 123 lambs weighed in the aggregate only 5,580 pounds, but that, "by reason of the fact that one of the peas on the scales had been moved without the knowledge of this defendant, or of the public weighmaster in charge thereof, . . . all 123 lambs appeared to weigh 6305 pounds instead of their actual weight of 5580 pounds; that said public weighmaster thereupon delivered his certificate to these parties, which certificate showed said lambs to have weighed 6305 pounds, and acting solely upon said weights as described by said certificate, said defendant drew his check in favor of said plaintiff in the sum of $666.60 instead of the correct sum of $594.10. . . . That said check was immediately delivered to the plaintiff. That the making, executing and delivery

of said check in the sum of $666.60 by defendant was done and performed by defendant through inadvertence and by mistake and through entire ignorance of the fact that the said lambs weighed 5580 pounds only and . . . solely by reason of his said mistaken belief, . . . and had he known that said lambs weighed only 5580 pounds, he would have drawn his check in favor of plaintiff in the sum of $594.10 only.''

The allegations of the answer show that the check was given under a mistake of fact. Respondent contends that the weighmaster's certificate is *prima facie* evidence of the facts stated therein. This may be conceded, but this *prima facie* evidence is overcome by the facts alleged in the answer. It may be that the defendant will experience difficulty at the trial in proving the alleged facts, but that has nothing to do with the sufficiency of the answer as a pleading. It cannot be said as a matter of law that, because of the impossibility of again weighing the lambs, their weight may not be susceptible of proof by other evidence. If the shipment of a part of the lambs and the mingling of some of them with others have made it impossible to determine their true weight with reasonable accuracy, the defendant must pay in accordance with the weighmaster's certificate, however innocent his acts, but, if such proof is available, no reason appears for penalizing him by requiring him to pay the plaintiff a greater sum than that to which he is entitled. Even if the defendant had paid the plaintiff in cash the full amount of the check, under the allegations of the answer he would be entitled to recover the alleged excess. (20 Cal. Jur. 972; 21 R. C. L. 164.)

Section 6 of the act of 1915 providing for rules and regulations governing the performance of the duties of public weighmasters (Stats. 1915, p. 1288), as amended in 1919 (Stats. 1919, p. 724), provides for the reweighing of any commodity ''when doubt or differences arise as to the correctness of the net or gross weight'' thereof as shown by the certificate of a public weighmaster. Section 7 of the act, as amended in 1919, provides: ''When any product is sold subject to public weighmaster weights, such weight shall be the true net weight of the product.''

There is nothing in the act, however, to indicate that it was the intention to make the certificate of a public weigh-

master conclusive evidence of the weight of a commodity, and it has been held that the legislature has not the power to make such certificate conclusive. (28 R. C. L. 7.) Neither does it appear that it was the intention to make the method provided by section 6 the exclusive remedy for correcting an error in weight, when the party seeking a correction had no reason to doubt the correctness of the certificate in time to avail himself of such method. In such a case, it is more reasonable to hold that, like other instruments, the certificate may be attacked on the ground of fraud or mistake.

Respondent further contends that the amount of the excess, $72.50, is so small that the judgment should be affirmed on the ground that "the law disregards trifles." It requires no argument to show that the doctrine is not applicable to the facts of this case.

The judgment is reversed.

Plummer, J., and Hart, J., concurred.